**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DARON D. SCOTT,

        Plaintiff,

v.                                              CV 07-1228 WPL/LAM

GADSDEN INDEPENDENT SCHOOL
DISTRICT and RAFAEL GALLEGOS,

        Defendants.

**ORDER**

On April 14, 2011, the Defendants applied for a writ of garnishment to obtain a portion of the Plaintiff's wages from Tresco, Inc. in order to satisfy a $20,000 judgment entered against the Plaintiff. (Doc. 151.) A writ of garnishment was issued (Doc. 152), the second in this case. The first writ of garnishment sought to collect property belonging to the Plaintiff from Doña Ana County to satisfy the same $20,000 judgment, and it was issued in December of 2009. (Doc. 150.) Doña Ana County never formally responded to the writ, but Tresco, Inc. did respond, stating that it no longer employs the Plaintiff or pays him wages. (Doc. 154 at 1; Doc. 155.)

Months after Tresco's response, the Plaintiff filed a response in opposition to the writ of garnishment. (Doc. 157.) In that response, the Plaintiff asserts that his dogs, held by Doña Ana County, were released to the Defendants in satisfaction of the judgment pursuant to the first writ of garnishment. (*Id.* at 1-2.) The Plaintiff contends that, in fact, the Defendants owe him money because five dogs were assigned to satisfy the judgment, worth $10,000 each. (*Id.* at 2.) He accuses the Defendants of engaging in "abusive" and "unethical" litigation practices. (*Id.*) As a result, he asks that the second writ of garnishment be quashed, the judgment be deemed satisfied, sanctions

be levied against the Defendants' attorneys, and an accounting of the complete value of all dogs seized by Doña Ana County be ordered. (*Id.* at 2-3.)

The Defendants responded to this pleading, first clarifying that the second writ of garnishment, to which the Plaintiff filed his response, is moot because the garnishee answered and denied that it employs the Plaintiff. (Doc. 159 at 1.) The Defendants then stated that they have received none of the judgment owed by the Plaintiff. (*Id.* at 2.) Though Doña Ana County never responded to the first writ of garnishment, it informally advised the Defendants that it did not believe the dogs had value. (*Id.*) The Defendants further contend that the Plaintiff's request for an accounting is both meritless and a subversive attempt to undermine the judgment, issued in a separate case, of another federal judge in this District. (*Id.* at 3-5.) Stating that the Plaintiff's pleading was "frivolous" and "improper," the Defendants request that I order Plaintiff's counsel to compensate the Defendants for its costs. (*Id.* at 5.)

As a preliminary matter, the Plaintiff's response in opposition to the two writs of garnishment was filed twenty months after the issuance of the first writ of garnishment and four months after that of the second writ. A response opposing the application for a writ of garnishment would have been due within seventeen days of the filing of the motion, or by May 2, 2011. *See* FED. R. CIV. P. 6(d); D.N.M.LR-Civ. 7.4(a). The Plaintiff did not file anything until August 24, 2011. The Plaintiff's response is therefore untimely. Nonetheless, I will address its merits.

The first issue raised by the Plaintiff's response is whether the judgment was, in fact, satisfied pursuant to the first writ of garnishment. In addition to the response itself, the sole proof offered by the Plaintiff to support his assertion that the dogs were used to satisfy the judgment is a print-out of an online newspaper article from December 23, 2009, which states that the Plaintiff and his brother were prohibited from taking five of the dogs due to a court injunction allowing

Defendant Gadsden Independent School District to claim them in lieu of a $20,000 judgment. (Doc. 157 Ex. 1 at 1.) The source of this information, according to the article, was county Animal Control Supervisor Curtis Childress. (*Id.*)

This article in no way proves that the judgment was satisfied. First of all, the article, a print-out from an internet website, is unsupported by corroborating evidence and bears no indicia of reliability, so it is not authenticated and it constitutes hearsay. *See United States v. Baker*, 432 F.3d 1189, 1211-12 (11th Cir. 2005) (newspaper article inadmissible hearsay); *Larez v. City of Los Angeles*, 946 F.2d 630, 642-43 (9th Cir. 1991) (newspaper articles, unsupported by corroborating evidence, are generally inadmissible hearsay); *In re Homestore.com, Inc. Securities Litigation*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004) ("Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902."). Second, the article quite simply does not prove that the dogs were actually assigned to the Defendants or that the judgment was satisfied. It merely contains a quote by a person with no authority to speak for the Defendants or the first garnishee stating that the dogs would not be released to the Plaintiff. The "evidence" presented by the Plaintiff to prove that he satisfied the judgment amply demonstrates the frivolity of his response.

The Defendants have submitted substantial proof to contradict the Plaintiff's assertion that the judgment was satisfied by an assignment of dogs from Doña Ana County. (Doc. 159 Ex. 1.) They have provided an affidavit by the Doña Ana County employee who received the 2009 writ of garnishment affirming that no money or property was given to the Defendants or their attorneys in satisfaction of the judgment. (*Id.* at 1.) In fact, the affidavit makes clear that no dogs were sold by Doña Ana County because, according to the affidavit, the dogs had no value. (*Id.*) Based on the proof before the Court, it is eminently clear that the judgment has not been satisfied and that the

Plaintiff owes the Defendant $20,000 plus accruing interest based on the judgment in this case.

The next issue that I must address is the status of the second writ of garnishment. When the second writ was issued, the amount of $20,000 plus interest was owed to the judgment creditor. However, the garnishee, Tresco, Inc., filed a timely response certifying under oath that it does not employ the debtor. (Doc. 154.) Accordingly, Tresco, Inc. is discharged and released from the writ of garnishment.

The final issues that I must address are the additional requests of the parties. I find that Plaintiff's request for an accounting by Doña Ana County is improper given that the seizure of the property (the dogs) by the County is the subject of separate litigation that remains pending in both the state and federal courts. Furthermore, an accounting is unnecessary because, as I found above, no dogs were assigned to the Defendants pursuant to the writ of garnishment. (*See* Doc. 159 Ex. 1.) I also find that an award of the costs and fees incurred by the Defendants in replying to Plaintiff's response is unwarranted. The authority to impose costs against counsel for frivolous pleadings derives from 28 U.S.C. § 1927, which states that counsel may be liable for costs, expenses, and attorneys' fees where he "so multiplies the proceedings . . . unreasonably and vexatiously . . . ." While the Plaintiff's response was frivolous, it did not multiply the proceedings to an extreme degree or require an excessive amount of work on behalf of the Defendants. Furthermore, an award of costs and fees is permissive, not mandatory, under the statute. Therefore, I decline to award fees in this matter.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          4